# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERTA DILALLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 16 C 51 |
| | ) |
| MILLER AND STEENO, P.C., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Miller and Steeno, P.C.'s (Miller) motion to dismiss and on Defendant LVNV Funding LLC's (LVNV) motion to dismiss. For the reasons stated below, the motions to dismiss are denied.

## BACKGROUND

Plaintiff Roberta Dilallo (Dilallo) allegedly incurred a personal debt (Debt) in 2007. In 2008, Arrow Financial Services, LLC (Arrow) allegedly owned the Debt. Arrow allegedly brought an action in state court (State Court Proceedings) and obtained a default judgment against Dilallo. On or before April 4, 2015, LVNV allegedly purchased the Debt from Arrow. Miller then allegedly filed a substitution of counsel for Arrow in the State Court Proceedings, but did not disclose that Arrow

1

no longer owned the Debt. Dilallo includes in her third amended complaint claims alleging violations of 15 U.S.C. § 1692e (Section 1692e) of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* (Count I), and claims alleging violations of 15 U.S.C. § 1692i (Section 1692i) of the FDCPA (Count II). Miller filed a motion to dismiss and LVNV has adopted Miller's motion to dismiss.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

**DISCUSSION**

I.  Section 1692e Claims (Count I)

Defendants contend that Dilallo fails to state a Section 1692e claim, arguing that the FDCPA cannot be used to resolve state court pleading issues, and arguing that there is no allegation of a deceptive act.  Dilallo alleges that Defendants violated Section 1692e(14), which provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" such as "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization."  15 U.S.C. § 1692e(14).

    A.  State Court Pleading Issues

Defendants argue that the FDCPA cannot be utilized to resolve state court pleading issues.  Defendants contend that any concerns regarding the propriety of state court pleadings should be addressed by the state courts rather than in a federal FDCPA action.  Defendants are correct that the fact that they included Arrow in certain state court pleadings would not in itself be a valid basis for pursuing a

3

FDCPA claim. Although Dilallo argues that such pleading issues fall under the FDCPA, Dilallo herself devotes significant arguments to addressing whether Defendants complied with Illinois state court pleading rules. (Resp. 11-12). Such pleading issues are state issues and any concerns that Dilallo has regarding them may be raised in the state court. Dilallo cites no controlling precedent that holds that the FDCPA preempts state court pleading rules or dictates to the state courts how they will conduct the pleadings phase of civil proceedings.

Dilallo is also seeking to hold Defendants accountable for more than the filing of state court pleadings. Dilallo contends that Defendants made misrepresentations concerning the ownership of the Debt orally to Dilallo and made misrepresentations in an email sent to Dilallo's counsel. For example, Dilallo contends that when she realized that her bank account had been frozen, she called Miller, and a representative of Miller made misrepresentations to her concerning the ownership of the Debt. Thus, Dilallo's claims reach beyond state court pleading issues and Dilallo has alleged sufficient facts to pursue FDCPA claims.

### B. Allegation of Deceptive Act

Defendants argue that Dilallo has failed to allege a deceptive act on the part of Defendants. In determining whether a statement is deceptive under the FDCPA, a court must consider whether "it would confuse the unsophisticated consumer." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012). Such a determination generally involves a question of fact. *Id.* Defendants improperly seek to have this court utilize

4

the least sophisticated consumer standard which has been rejected by the Seventh Circuit. *Id.*; (Mem. Dis. 8). Defendants argue that there was no deception because Dilallo does not now contest that she owes the Debt and she does not contend that Defendants misrepresented the amount owed. (Mem. Dis. 11). However, the mere fact that Dilallo may ultimately owe the Debt does not give Defendants carte blanche to engage in collection activities that violate the FDCPA and exonerate them from any wrongdoing. In the instant action, Dilallo has alleged conduct on the part of Defendants that plausibly suggests that a consumer could be misled as to the true owner of Debt. Defendants argue that they continued to reference Arrow in regard to the Debt in order to make clear to Dilallo the source of the Debt that was at issue and that they did not intend to mislead Dilallo. Such an argument relates to the merits of Dilallo's claims and is premature at the motion to dismiss stage.

Dilallo has shown that the alleged violation of the FDCPA is a material one and has shown standing. *Janetos v. Fulton Friedman & Gullace*, LLP, 825 F.3d 317, 324 (7th Cir. 2016)(stating that "[p]ortions of § 1692e are drafted in broad terms" and that "[f]or such claims, [the Court] must assess allegedly false or misleading statements to determine whether they could have any practical impact on a consumer's rights or decision-making process"); *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1542 (2016)(addressing standing in a Fair Credit Reporting Act case). Dilallo has cited various sources expounding on the harm caused to consumers who are victimized by fraudulent collection efforts by entities that are not the true owner of a debt. Dilallo contends that due to Defendants' alleged wrongful and deceptive

5

collection practices she incurred unnecessary cost and duress in order to ensure that she was not being scammed by Defendants. Dilallo has thus pled sufficient facts to state valid Section 1692e claims and Defendants' motions to dismiss the Section 1692e claims are denied.

II. Section 1692a Claims (Count II)

Defendants contend that Dilallo fails to state a Section 1692i claim, arguing that Dilallo failed to plead the necessary violations of Section 1692i(a)(2)(A) and Section 1692i(a)(2)(B). Section 1692i provides in part the following:

> (a) Venue
> Any debt collector who brings any legal action on a debt against any consumer shall--
> (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or
> (2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity--(A) in which such consumer signed the contract sued upon; or(B) in which such consumer resides at the commencement of the action.

15 U.S.C.§ 1692i(a). Dilallo contends that she signed the contract in Hazel Crest, Illinois in the Sixth Municipal District of Cook County, Illinois. She also contends that while she resided in Wisconsin, Defendants improperly forced her to defend herself in the garnishment proceedings in the State Court Proceedings in the First Municipal District of Cook County, Illinois, a forum where she did not reside and where she did not enter into the contract. Dilallo alleges that she "did not enter into the subject contract" in the judicial district where Defendants pursued the State Court

Proceedings. (TA Compl. Par. 26). A determination of where the Debt in fact arose would involve a factual inquiry beyond the pleadings and it is premature at this juncture to resolve that issue. Dilallo was not required to specifically cite to 15 U.S.C.§ 1692i(a)(2)(B) in her complaint in order to place Defendants on notice of a Section 1692i violation. Dilallo has thus pled sufficient facts to state valid Section 1692i claims, and Defendants' motions to dismiss the Section 1692i claims are denied.

## CONCLUSION

Based on the foregoing analysis, Defendants' motions to dismiss are denied.

							_____
							Samuel Der-Yeghiayan
							United States District Court Judge

Dated: August 30, 2016