**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERTA DILALLO,<br>on behalf of plaintiff and the class<br>members described below; | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | 16 cv 51<br>Judge Samuel Der-Yeghiayan |
| vs. | )<br>) | Magistrate Judge Cole |
| MILLER AND STEENO, P.C.,<br>RONALD C. MILLER;<br>LVNV FUNDING, LLC;<br>RESURGENT CAPITAL SERVICES, L.P.;<br>and ALEGIS GROUP LLC; | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MAURICE STRADER,<br>on behalf of plaintiff and the class<br>members described below; | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | 16 cv 5199<br>Judge Coleman |
| vs. | )<br>) | Magistrate Judge Schenkier |
| MILLER AND STEENO, P.C.,<br>RONALD C. MILLER;<br>LVNV FUNDING, LLC;<br>RESURGENT CAPITAL SERVICES, L.P.;<br>and ALEGIS GROUP LLC; | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR REASSIGNMENT BASED ON RELATEDNESS, OR IN THE ALTERNATIVE, TO RELATE FOR SETTLEMENT PURPOSES**

Pursuant to Local Rule 40.4, plaintiff Maurice Strader respectfully requests that this Court reassign *Strader v. Miller and Steeno, P.C.,et al*, 16-cv-5199 (N.D.Ill.), (Exhibit A) currently presiding before Judge Coleman, to this Court as related to the instant case, *Dilallo v. Miller and*

*Steeno, P.C., et al.*, 16-cv-5199 (N.D.Ill.) (Exhibit B), or in the alternative, to order that the *Strader* case be deemed related to the *Dilallo* case for purposes of settlement.

In support of this motion, plaintiff states as follows:

1. On January 1, 2016, Robert Dilallo filed a class-action complaint in the Northern District of Illinois, *Dilallo v. Miller and Steeno, P.C., et. al.*, 16-cv-51 (N.D.Ill.), alleging that defendants Miller and Steeno, P.C. ("Miller") and LVNV Funding, LLC ("LVNV"), violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (Dkt. No. 1). On May 20, 2016, Plaintiff Dilallo, with the permission of this Court, filed a Third Amended Complaint. (Dkt. No. 48). Plaintiff Dilallo asserts that Defendants violated Sections 1692e and 1692i of the FDCPA. *Id.*

2. As set forth in the Third Amended Complaint, Plaintiff Dilallo's claims stem from a collection lawsuit filed by Arrow Financial Services, LLC ("Arrow"), on October 21, 2008, in the Circuit Court of Cook County, in the First Municipal District, in Chicago, case number 2008-M1-176686. Plaintiff Dilallo asserts that Defendants Miller and LVNV violated Section 1692e by falsely using the name Arrow Financial Services, LLC, in an attempt to collect a debt when Defendants knew that at the time that they filed the motion for substitution on behalf of Arrow, Arrow was no longer in operation and no longer held legal title to the debt. (Exhibit B, ¶¶32-35) Plaintiff Dilallo further asserts that Defendants Miller and LVNV violated Section 1692i(a)(2) by their attempts to obtain a garnishment against Plaintiff Dillallo in the First Municipal District of the Circuit Court of Cook County, while Plaintiff Dilallo was a resident of the State of Wisconsin, and incurred the debt while living in Hazel Crest, Illinois, which is located in the Sixth Municipal District. *Suesz v. Med-1 Solutions, LLC,* 757 F. 3d 636 (7th Cir. 2014)(en banc). *Id.*

3. Similarly, on May 13, 2016, Maurice Strader filed a class-action complaint in the Northern District of Illinois, *Strader v. Miller and Steeno, P.C.,et al*, 16-cv-5199 (N.D.Ill.),

2

alleging that defendants Miller and Steeno, P.C. and LVNV Funding, LLC, along with Defendants Ronald C. Miller, Resurgent Capital Services, L.P.; and Alegis Group, LLC, violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (Dkt. No. 1). On August 30, 2016, Plaintiff Strader filed a First Amended Complaint. (Exhibit B, Dkt. No. 29) Plaintiff Strader asserts that Defendants violated Section 1692e by conducting legal proceedings in the name of Arrow Financial Services, LLC, when Arrow no longer had any interest in the claim. *Id.* Plaintiff Strader further asserts that Defendants violated Section 1692g and 1692e by failing to disclose the current owner of the debt, by letter or otherwise. *Id.*

4. As set forth in the First Amended Complaint, the facts of *Strader* are very similar to those of *Dilallo*. In both cases, the Plaintiffs were sued by Arrow Financial Services, LLC, at an earlier date when Arrow was still in business and purportedly held title to the debts. In both cases a judgment was entered in favor of Arrow. (Exhibit B, ¶¶16-20; Exhibit A ¶40). Both Plaintiffs allege that, after Arrow was no longer operating or authorized to do business in Illinois and after Arrow no longer held legal title to the debts, Defendant LVNV, through Defendant Miller, filed a substitutions of counsel in each of the collection cases filed against the Plaintiffs on behalf of Arrow and did not even identify LVNV as the new and current owner of the debt. (Exhibit B, ¶¶22-26; Exhibit A, ¶¶41-49). Both Plaintiff Dilallo and Plaintiff Strader allege that Defendants Miller and LVNV took post judgment action in the form of garnishment proceedings on behalf of Arrow, when in fact Arrow was no longer in operation and no longer held legal title to the debts. (Exhibit B, ¶23, 33-37; Exhibit A, ¶¶43-56).

5. While the *Dilallo* action only names Defendants Miller and LVNV, the additional Defendants named in the *Strader* action simply add further sources of recovery and could have been named in the *Dilallo* action. Specifically, Defendant Ronald C. Miller is a principal of Miller and

3

Steeno responsible for its collection work and who authored collection documents directed at Mr. Strader. All actions taken in the name of LVNV are in fact taken by Resurgent, pursuant to a written agreement and power of attorney that LVNV has executed in favor of Resurgent. (Statement of Material Facts filed as document no. 69 in *Randall v. Nelson & Kennard*, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)). Defendant Alegis is the general partner of Resurgent, and all acts of Resurgent are chargeable to it.

6. Pursuant to Plaintiff Dilallo's Renewed Motion for Class Certifcation (Dkt No. 87) Plaintiff Dilallo seeks to represent a class pursuant to Fed.R.Civ.P. 23(a) and (b)(3), defined as:

> All persons from whom Miller and Steen, P.C. attempted to collect a debt from, where the debt was owned by LVNV Funding, and LVNV Funding was not the entity identified as the owner of assignee of the debt, for a time period from January 4, 2015, to January 4, 2016.

7. There are approximately 876 persons in the *Dilallo* class.

8. Plaintiff Strader seeks to represent two classes and two subclasses, pursuant to Fed.R.Civ.P. 23(a) and (b)(3), defined as:

> The LVNV class consists of (a) all individuals (b) against whom Arrow obtained a judgment (c) which LVNV claims or purports to have acquired (d) where any attempt was thereafter made to collect the judgment (e) without notifying the individual of the involvement of LVNV. The LVNV subclass consists of class members where there was any communication other than the filing of pleadings.
>
> The Miller class consists of (a) all individuals (b) against whom party A obtained a judgment (c) which Party B claims or purports to have acquired (d) where any attempt was thereafter made to collect the judgment by Miller and Steeno (e) without notifying the individual of the involvement of party B. The Miller subclass consists of class members where there was any communication other than the filing of pleadings.

9. The *Strader* classes are broader than the *Dilallo* class and will encompass the *Dilallo* class.

10. Both the *Dilallo* and the *Strader* actions are being defended by Swanson, Martin & Bell. In both cases, Defendants filed motions to dismiss. On October 4, 2016, this Court granted Plaintiff Dilallo's motion to reconsider and denied Defendant's motion to dismiss Plaintiff's amended complaint. Defendants have filed a similar motion to dismiss in the *Strader* action which pending before Judge Coleman.

11. On November 2, 2016, Magistrate Judge Cole set the *Dilallo* action for a settlement conference on January 11, 2016 at 10:30am, with statuses on the parties settlement discussions set for December 6, 2016 and January 5, 2017.

12. Counsel for both Dilallo and Strader agree that for efficiency purposes, both actions should be involved in the settlement discussions.

13. *Dilallo v. Miller and Steeno, P.C., et al.*, 16-cv-5199 (N.D.Ill.) and *Strader v. Miller and Steeno, P.C.,et al*, 16-cv-5199 (N.D.Ill.) are related cases as they both contain the same claims that Defendants Miller and LVNV failed to identify the current creditor and purported to take action on behalf of Arrow Financial Services, LLC when Arrow was no longer in operation and no longer held title to either Plaintiffs' debt. (Exhibits A-B).

14. Local Rule 40.4(a) provides that "[t]wo or more civil cases may be related if one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, when one or more of the classes involved in the cases is or are the same."

15. *Dilallo v. Miller and Steeno, P.C., et al.*, 16-cv-5199 (N.D.Ill.) should be reassigned as related to *Strader v. Miller and Steeno, P.C.,et al*, 16-cv-5199 (N.D.Ill.), as the pending legal claims in each case against the overlapping Defendants, are the same.

16. Because the claims are the same and are asserted against primarily the same Defendants, the cases involve the same legal questions and require the same legal determinations. Likewise, the cases contain overlapping class definitions and will require the same legal inquiry and determination as to whether the classes are certifiable under Rule 23.

17. Cases may be reassigned to another District Judge under Local Rule 40.4(b) if the related cases are pending in this Court, the handling of related cases would save a substantial amount of judicial time and effort, the earliest case has not progressed to a point where reassigning the later cases would delay proceedings in the earlier case substantially, and the cases are susceptible of disposition in a single proceeding.

18. Given that both cases contain related claims, the handling of these cases by one judge is required in the interests of judicial economy as to avoid the inevitable overlapping of effort if these cases are handled separately. In *Dilallo v. Miller and Steeno, P.C., et al.*, 16-cv-5199 (N.D. Ill.), the earlier filed case, Defendants have only just answered Count I of the Third Amended Complaint and have filed a Motion to Dismiss Count II of the Third Amended Complaint which is currently being briefed. In the *Strader* case, defense counsel has file a motion to dismiss based on the same grounds already rejected by this Court, this illustrates the waste and duplication inherent in not relating these cases. In *Strader* defense counsel has delayed a ruling on the Motion by requesting an extension on their reply date.

19. The Seventh Circuit has held that cases presenting the same issue should be handled together. *Gibson v. Bob Watson Chevrolet-Geo, Inc.*, 112 F.3d 283, 287 (7th Cir. 1997)

20. As previously stated, the *Dilallo* case is set for a settlement conference on January 11, 2017. As the classes are overlapping a settlement of the *Dilallo* case will necessarily include a resolution of Plaintiff Strader's claim and the claims of the putative class members which Plaintiff

6

Strader seeks to represent.

21. As such, if this Court deems that the two cases should not be deemed related for all purposes or consolidated, Plaintiff Strader, in the alternative, requests that this Court enter an order that the *Strader* action be deemed related to the *Dilallo* action for settlement purposes and permit the *Strader* action to participate in the settlement discussions and settlement conference set for January 11, 2017 in the *Dilallo* action before Magistrate Judge Cole.

22. On November 17, 2016, counsel for Plaintiff Strader contacted counsel for Plaintiff Dilallo to request his agreement to have the cases related. Counsel for Plaintiff Dilallo has no objection to the reassignment and relatedness of the *Strader* action.

23. Having both cases before a single judge will streamline the litigation and avoid duplication of effort, labor and cost and could potentially expedite the resolution of both cases in a single settlement conference. As such, reassignment is critical to avoid unnecessary duplication and efficiently resolve the litigation either through settlement or by judgment.

WHEREFORE, plaintiff Maurice Strader respectfully requests that this Court reassign *Strader v. Miller and Steeno, P.C., et al*, 16-cv-5199 (N.D.Ill.), (Exhibit A) currently presiding before Judge Coleman, to this Court as related to the instant case, *Dilallo v. Miller and Steeno, P.C., et al.*, 16-cv-5199 (N.D.Ill.) (Exhibit B), or in the alternative, to order that the *Strader* case be deemed related to the *Dilallo* case for purposes of settlement.

                                      Respectfully submitted,

                                      <u>s/ Cassandra P. Miller</u>
                                      Cassandra P. Miller

Daniel A. Edelman
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

       I, Cassandra P. Miller, hereby certify that on November 21, 2016, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system, and sent notification of such filing to the following parties via email:

Joseph Paul Kincaid
Email: jkincaid@smbtrials.com

Charles Ryan Finlen
Email: rfinlen@smbtrials.com

Emily Jean Fitzgerald
Email: efitzgerald@smbtrials.com

Michael P. Steeno
Email: msteeno@millersteeno.com

                                                s/ Cassandra P. Miller
                                                Cassandra P. Miller