IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERTA DILALLO, MAURICE STRADER, and LUIS TORRES, on behalf of plaintiffs and the class members described below,<br><br>Plaintiff,<br><br>vs.<br><br>MILLER AND STEENO, P.C., RONALD C. MILLER, LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, L.P., and ALEGIS GROUP LLC,<br><br>Defendants. | No. 16-cv-51<br><br>Honorable Judge Der-Yeghiayan<br><br>Honorable Magistrate Judge Cole |

**JOINT MOTION FOR PRELIMINARY APPROVAL**

Plaintiffs, Roberta Dilallo, Maurice Strader, and Luis Torres ("Plaintiffs"), individually, and as representatives of the class of persons defined below in Paragraph 3(a) ("Class"), and Defendants, Miller and Steeno, P.C., Ronald C. Miller, LVNV Funding, LLC, Resurgent Capital Services, L.P., and Alegis Group LLC (collectively "Defendants"), request that this Court enter an order which (i) preliminarily approves the Class Settlement Agreement ("Agreement") attached as Appendix A; (ii) sets dates for Class Members to opt out, object, or return a claim form, (iii) schedules a hearing for final approval of the Agreement; (iv) approves the mailing of notice to the Class in the form of Exhibit 1 to Appendix A, and (v) finds that the mailing of such notice satisfies due process. A copy of the proposed preliminary approval order is attached as Exhibit 2 to Appendix A. In support, the parties state as follows:

1. Plaintiffs, individually and on behalf of a class, filed suit in the United States

District Court for the Northern District of Illinois in two separate cases which were consolidated into *Roberta Dilallo v. Miller and Steeno P.C., LVNV Funding LLC*, Case No. 16-C-51, for purposes of settlement (the "Litigation"), alleging that Defendants used the name of a another entity, Arrow Financial Services, LLC, in seeking to collect a debt from Plaintiffs and the putative class members, in violation of Section 1692e(14) of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692 *et al*.

2. After arms-length discussion, the parties reached a settlement to resolve the Litigation. Defendants deny violating the FDCPA and deny all liability to Plaintiff and the Class. Defendants desire to settle the claims brought solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims that have been or could have been asserted by Plaintiff and the Class against Defendants in the Litigation.

3. Counsel for the parties have analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the Litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals. Based upon counsel's review and analysis, the parties have entered into the Agreement to settle and compromise the Litigation on the terms and conditions embodied in the Agreement and agree as follows:

    a. <u>Class</u>. The parties agree to seek certification for settlement purposes of the following class: all persons from whom Miller and Steen, P.C. attempted to collect a debt, where the debt was owned by LVNV Funding, and Arrow Financial was identified as the creditor and/or owner of the debt, for a time period from January 4, 2015, to January 31, 2017;

    b. <u>Relief to Plaintiff</u>. Defendants agree to pay $2,500.00 to each of the named Plaintiffs (Dilallo, Strader and Torres) as damages for their Class claims, and as an incentive award for bringing the claims on behalf of a Class;

c. <u>Class Recovery</u>. Defendants will create a class settlement fund of $75,000.00 ("Class Recovery"), which a settlement administrator will distribute pro rata among class members who do not exclude themselves ("Eligible Class Members"). Eligible Class Members will receive a pro rata share of the Class Recovery by check. Checks issued to Eligible Class Members will be void after 90 days ("void date");

d. <u>Cy Pres.</u> If any of the settlement checks to the Settlement Class are not cashed within 30 days of the Void Date, said funds (after deduction of any stop payment charges on the uncashed checks) shall be donated to (1) the Chicago Law and Education Foundation and (2) Catholic Charities as a *cy pres* award, within 30 (thirty) days following the last void date of the settlement checks.

e. <u>Attorneys' Fees and Costs</u>. Counsel for Plaintiff and the Class shall petition the Court for approval of an award of fees in the amount of $77,000.00. Pending the Court's approval, Defendants shall pay counsel for Plaintiffs and the Class, that amount which the Court deems reasonable, but not to exceed $77,000.00, as attorneys' fees and costs;

f. <u>Class Notice</u>. Within 30 days of entry of the Preliminary Approval Order, Defendants shall through the Class Administrator cause actual notice, in the form of <u>Exhibit 1</u>, to be sent to the last known addresses of the class members, according to Defendants' records. The Class Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause to be forwarded any such returned notice to the address provided within four days of receipt. Neither the Class Administrator, Defendants, nor Plaintiffs are required to skip trace any letters that are returned as undeliverable. If final approval is granted, the parties shall retain the class list and a list of class members who opted in or excluded themselves for six months thereafter, and may destroy them after that period;

g. <u>Class Members' Right to Opt Out</u>. All Class Members who properly submit a timely written request for exclusion from the Class shall be excluded from the Class and shall have no rights as Class Members pursuant to this Agreement. A request for exclusion must be in writing and state "I hereby wish to exclude myself from the settlement in Dilallo v. Miller and Steeno, P.C., Case No. 1:15-cv-00415 (N.D. Ill)." The request must also include the name, address, phone number and signature of the person(s) or entity seeking exclusion. The request must be mailed to Class Administrator at the address provided in the Class Notice and received by such date as set by the Court. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Class Notice, or that is not received within the time specified shall be invalid and the person(s) serving such request shall remain a Class Member and shall be bound as a Class Member by the Settlement, if approved. The Class Administrator shall forward copies of all requests for exclusion to Class Counsel, and Counsel for Defendants no later than seven days after the deadline for Class Members to submit such requests.

h. <u>Class Members' Right to Object</u>. Class members shall have the right to oppose

3

or object to the settlement. All objection shall be in writing and include the name, address, phone number and signature of the person(s) or entity objecting. Class members who wish to oppose the Settlement shall submit, postmark and file with the Court a notice of such objection, including the basis for the objection. All objections must be received by such date as set by the Court.

4. If no class members opt out or exclude themselves from the settlement each Claimant will receive about $168.91.

5. The FDCPA caps a class's recovery at 1% of the debt collector's net worth. Based upon the financial information Defendants provided to Class Counsel and the nature of the claims alleged, they believe that the Agreement is fair and reasonable, would be in the best interest of the Class members, and should be approved by the Court.

6. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings, in this or any other litigation, or in any manner whatsoever.

7. The settlement in this case complies with recent case law from the Seventh Circuit concerning class action awards, and is consistent with the principles set forth in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014), *Redman v. RadioShack Corp.*, 768 F.3d 622 (7th Cir. 2014) and *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014). First, the award to the class is distinct and separate from the attorneys' fees in this case. The FDCPA is a fee shifting statute and the fees being awarded to class would not come from a class fund but rather by payment directly from Defendants, pursuant to the fee shifting provision of the FDCPA as set out in Section 1692k(a)(3). Thus, the size of the attorneys' fees award does not affect the award to the class, unlike cases such as *Pearson*, *Redman* and *Eubank* where payment of the attorneys' fees affected the total payment to the class. Second, in contrast to *Pearson*, *Redman* and *Eubank* where the potential award to the

4

class was not capped by statute and the attorneys presumably would have achieved a larger class fund by potentially reducing attorneys' fees, here, even if the class were to proceed to trial it would not receive more than 1% of the debt collector's net worth. The parties further submit that the class notice gives fair notice to the classes, the terms of the settlement, and the ways in which class members can participate (or not) in the settlement, thus satisfying the requirements of Fed. R. Civ. P. 23, and of due process.

8. <u>Schedule for Class Notice and Opt Outs and Objections</u>: Plaintiffs and Defendants request that the Court set the following schedule for the proposed Agreement:

    a. Class Notice (<u>Exhibit 1</u> to <u>Appendix A</u>) is to be mailed within 30 days of entry of the Preliminary Approval Order;

    b. Class members shall have until 60 days after the initial mailing of the notice to complete and postmark a request to be excluded from the proposed settlement or to object to the proposed settlement;

    c. A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by counsel for the Class will be held before this Court on a date at least ninety (90) days from the entry of the preliminary approval order.

9. In the event that there is any conflict between any provision of this Motion and the Settlement Agreement between the parties, the parties intend for the Agreement to control, subject to Court approval.

WHEREFORE, the parties respectfully request that the Court enter an order in the form of <u>Exhibit 2</u> to the Agreement, which (a) preliminarily approves this Agreement; (b) schedules a hearing for final approval of this Agreement; (c) approves <u>Exhibit 1</u> to the Agreement as notice to the Class to be directed to the last known address of the class members as shown on Defendant's records, (d) sets dates for class members to opt-out, object, or return a claim form and (e) schedules a hearing for final approval under Fed. R. Civ. P. 23(c)(2).

Respectfully submitted,

/s/Cassandra P. Miller
Cassandra P. Miller
*One of the attorneys for Maurice Strader*

Daniel Edelman
Cassandra Miller
Edelman, Combs, Latturner & Goodwin, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603
312-739-4200
dedelman@edcombs.com
cmiller@edcombs.com

/s/ Nabil G. Foster
Nabil G. Foster

*One of the attorneys for LVNV Funding, LLC*

Nabil G. Foster
Lindsey A.L. Conley
Hinshaw & Culbertson LLP
222 North LaSalle Street
Suite 300
Chicago IL 60601

/s/Curtis C. Warner
Curtis C. Warner
*One of the attorneys for Roberta Dilallo and Luis Torres*

WARNER LAW FIRM, LLC
350 S. Northwest Hwy., Ste 300
Park Ridge, IL 60068
(847) 701-5290
cwarner@warnerlawllc.com

/s/James M. Gale
James M. Gale

*One of the attorneys for Ronald C. Miller and Miller and Steeno, P.C.*

Joseph P. Kincaid
James M. Gale
Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, Illinois 60611
312-321-9100
jgale@smbtrials.com

## **CERTIFICATE OF SERVICE**

      I, Cassandra P. Miller, hereby certify that on August 16, 2017, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system, which caused to be served a true and accurate copy of such filings via email upon the following:

Joseph Paul Kincaid
Email: jkincaid@smbtrials.com

Emily Jean Fitzgerald
Email: efitzgerald@smbtrials.com

James M. Gale
Email: jgale@smbtrials.com

Michael P. Steeno
Email: msteeno@millersteeno.com

Nabil G. Foster
Email: nfoster@hinshawlaw.com

Lindsey A.L. Conley
Email: lconley@hinshawlaw.com

                                                                          s/Cassandra P. Miller
                                                                           Cassandra P. Miller